OPINION OF THE COURT
Thomas F. McGowan, J.
Petitioner brings this CPLR article 78 proceeding challenging the action of the Board of Parole following a parole release interview.
Petitioner’s claim is that the board did not consider certain factors in making its decision to deny parole. At the hearing on this matter, he also argued that the board acted improperly by setting the date for further parole release consideration beyond his tentative conditional release (CR) date.
A
There is no evidence presented at this hearing to show that the Board of Parole did not properly consider the factors set forth in section 259-i (subds 1, 2) of the Executive Law. The board had in front of it a parole summary assessment report prepared December, 1981, and a parole summary — September, 1982 — initial appearance report. *960 Together, these documents adequately informed the board panel as to the required statutory factors. Simply because each factor was not discussed with the petitioner at his parole release interview does not in any way indicate that less than full consideration was given to his case. Therefore, in the absence of evidence to the contrary, it must be presumed that the panel of the Board of Parole properly performed its function when it considered petitioner for parole release in September of 1982.
B
The decision of the board denying parole release reads in part as follows: “Parole denied: Hold 20 months — May 1984 Board. On CR, Mental Hygiene referral and seek, obtain, maintain employment.” Petitioner contends that this decision of “Hold 20 months” is illegal since it is beyond his CR date of March 4, 1984.
First, there is nothing in the statute which prohibits the board from setting a future parole release consideration date beyond an inmate’s conditional release date. Indeed, in Matter of Russo v New York State Bd. of Parole (50 NY2d 69) the Court of Appeals upheld the Board of Parole’s power to impose a minimum period of imprisonment (MPI) equal to a court-imposed maximum sentence. In Russo, the inmate petitioner was sentenced to a maximum of four years, with no minimum fixed by the court. The Board of Parole subsequently set the MPI at four years. The result, of course, was that the petitioner would not receive parole release consideration on that sentence (unless the MPI was subsequently reduced by the board). Since the CR date is two thirds of the maximum, the petitioner in Russo would be eligible for conditional release before he received initial parole release consideration. If pursuant to Russo, the board at an MPI hearing may set an initial parole consideration date beyond the CR date, it may also, following an initial parole release interview, schedule any subsequent parole release consideration date beyond the CR date, as long as that subsequent date is within 24 months (see 9 NYCRR 8002.3 [c]).
However, simply because a release interview is scheduled beyond the CR date does not mean that an inmate will therefore be held in custody and not released on condi *961 tional release. That release on conditional release will not be denied because of the scheduling of a parole release interview as assumed in Russo (see 50 NY2d 69, 77, supra). Likewise, the decision of the board in the instant case carried the implication that the board expected petitioner to be released on conditional release and that it was setting additional conditions for that release as it is authorized to do pursuant to section 70.40 (subd 1, par [b]) of the Penal Law.
Parole release and conditional releases are distinct from one another. Parole release is discretionary with the Board of Parole (see Executive Law, § 259-i, subd 2, par [c]; Penal Law, § 70.40, subd 1, par [a]; 9 NYCRR 8002.1). Conditional release, when applied for by the inmate, is mandatory “when the total good behavior time allowed to him, pursuant to the provisions of the correction law, is equal to the unserved portion of his maximum or aggregate maximum term.” (Penal Law, § 70.40, subd 1, par [b].) Whether or not “good time” is allowed is a decision, not of the Board of Parole, but of the Commissioner of Correction (Correction Law, § 803, subd 4). The Board of Parole, therefore, has no control over when an inmate is released on conditional release and cannot prevent such release. It must, however, set the conditions for such release and supervise each person upon release (Penal Law, § 70.40, subd 1, par [b]).
Thus, the decision of the board in this case to schedule a parole release appearance date in May of 1984 will not prevent petitioner from being released on conditional release if, in fact, he has acquired sufficient good time. Further, his release will obviate any subsequent parole release interview. Of course, if for some reason petitioner does not receive his total allowance of good time and, by virtue thereof, is still incarcerated by May of 1984, he would then meet the Board of Parole for another parole release interview.
Accordingly, the petition is dismissed.